# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JAIRON ENRIQUE BORJAS-CASTILLO,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

Case No. 26-cv-05083-BAS-VET

**ORDER DENYING THIRD PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 7)**

Petitioner Jairon Enrique Borjas-Castillo brings this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his immigration detention. (ECF No. 1.) This action is Petitioner's third challenge to his detention since May 2026. (*See* Am. Pet., ECF No. 7 ("Third Petition"); *Borjas-Castillo v. Blanche*, No. 26-cv-03690-BAS-VET (S.D. Cal. filed June 23, 2026) ("Second Petition"); *Borjas-Castillo*, No. 26-cv-02909-BAS-VET (S.D. Cal. filed May 8, 2026) ("First Petition").)

The First Petition raised a claim of arbitrary or unreasonably prolonged detention. The Court rejected this challenge because an Immigration Judge had conducted a bond hearing and denied release based on dangerousness. The Court denied the Second Petition because it raised a similar challenge without any changed circumstances. Now, in this Third

Petition, Petitioner advances a different theory. He claims his initial arrest was unlawful because immigration officers detained him without an administrative warrant. The Government argues Petitioner could have raised this challenge in his two earlier petitions, and his failure to do so is an abuse of the writ. The Court agrees. Hence, for the following reasons, the Court **DENIES** the Third Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). The writ is available to noncitizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody, and since he is seeking release from custody, he has standing to pursue this Petition.

## II. BACKGROUND

Petitioner is a native and citizen of Honduras. (Third Petition at 3; *accord* Return at 2.) He entered the United States in 2020, but he did not come to the attention of immigration authorities until November 2025. (*See* Third Petition at 3; Return at 2.) The Government contends Immigration and Customs Enforcement ("ICE") "encountered Petitioner while conducting surveillance as part of a targeted immigration enforcement on an individual who matched Petitioner's description and last known address." (Return at 2.) Petitioner, however, states he was pursued and arrested outside of a convenience store despite telling ICE agents that he was not the person they were looking for. (Third Petition at 3.) Petitioner further states that the ICE agents did not show him a warrant for his arrest or inform him why he was being apprehended. (*Id.* at 4.) After being detained, Petitioner was placed in removal proceedings because he was present in the United States without lawful status. (Return, Exs. 1, 5.)

On December 29, 2025, an Immigration Judge held a bond hearing and found Petitioner's release would pose a danger to the community. (First Petition, ECF No. 5 at 2 ("First Habeas Ruling").) Petitioner was convicted of driving under the influence on January 26, 2025, and was arrested in 2024 on charges of felony threats and domestic violence. (*Id.*) Petitioner did not appeal the Immigration Judge's dangerousness determination to the Board of Immigration Appeals ("BIA"). (*Id.*)

On June 4, 2026, the Court denied the First Petition, which was filed with the assistance of counsel. (First Habeas Ruling at 4.) The Court rejected Petitioner's claim that he had been subject to arbitrarily or unreasonably prolonged detention. (*Id.*) The Court reasoned that Petitioner's detention for more than six months—with a bond hearing—is not illegal. (*Id.* at 3.) Further, the Immigration Judge's "determination that Petitioner should not be released given his criminal record was not unreasonable." (*Id.*) Finally, the Court reasoned that "ultimately, this Court is not the proper forum to consider an appeal of the Immigration Judge's determination—that responsibility belongs to the BIA." (*Id.*)

Less than three weeks later, Petitioner filed the Second Petition, this time without the assistance of counsel, again arguing that he had been subject to prolonged detention. In ruling on the Second Petition, the Court reasoned that a habeas petition is subject to summary dismissal when it is repetitive or duplicative. (Second Petition, ECF No. 9 at 2.) The Court concluded the Second Petition met this standard, and the additional time in custody did not make Petitioner's detention arbitrarily or unreasonably prolonged. (*Id.*) Consequently, the Court denied the Second Petition on July 7, 2026. (*Id.*)

On September 8, 2026, Petitioner commenced this action. (ECF No. 1.) With the assistance of counsel, he filed the Third Petition on September 21, 2026, which raises the issue of a warrantless arrest for the first time. (ECF No. 7.) The Third Petition is fully briefed. (ECF Nos. 10, 11.)

## III. ANALYSIS

The Government argues the Court should not reach Petitioner's warrantless arrest claim because the abuse of the writ doctrine applies to the Third Petition. (Return at 3–6.)

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 470 (1991).[1] This doctrine "generally 'forbids the reconsideration of claims that were *or could have been* raised in a prior habeas petition.'" *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (emphasis added) (quoting *Calderon v. U.S. Dist. Ct. (Kelly)*, 163 F.3d 530, 538 (9th Cir. 1998)).

If the Third Petition's warrantless arrest claim falls under this standard, then the claim is subject to dismissal "unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *See Eldridge v. Howard*, 70 F.4th 543, 551 (9th Cir. 2023) (quoting *Alaimalo*, 645 F.3d at 1049). The Government bears the burden of pleading the abuse of the writ "with clarity and particularity." *See McCleskey*, 499 U.S. at 468. The burden then shifts to Petitioner to "disprove abuse." *See id.*

Here, the Government meets its burden of invoking the doctrine. The Government identifies Petitioner's prior habeas proceedings, highlights the warrantless arrest claim as newly asserted, and argues that Petitioner could have raised that claim in those proceedings. (*See* Return at 3–6.) Thus, Petitioner has the burden to disprove abuse. In attempting to meet his burden, Petitioner contends both exceptions to the doctrine apply. (*See* Traverse at 2–3.)

The Court is unconvinced. Initially, Petitioner does not show "cause for bringing a successive petition." *See Eldridge*, 70 F.4th at 551. Cause exists if there was an external obstacle to raising the warrantless arrest claim in the prior petition, such as where "the factual or legal basis for [the] claim was not reasonably available to counsel." *See*

[1] Congress has since enacted stringent gatekeeping provisions for many habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Banister v. Davis*, 590 U.S. 504, 514 (2020). However, AEDPA's gatekeeping rules do not cover this petition under Section 2241. *See, e.g.*, *Barapind v. Reno*, 225 F.3d 1100, 1111–12 (9th Cir. 2000).

*McCleskey*, 499 U.S. at 494. The factual basis for Petitioner's new claim is his statement that ICE agents "never showed [him] a warrant or told him why they were arresting him." (Third Petition at 4.) Those facts have been available to Petitioner since the outset of his immigration detention in November 2025. Further, this circumstance distinguishes the warrantless arrest claim from other immigration habeas claims that may arise from continued detention or another change in circumstances following the initial detention. *Cf. Gutierrez v. Warden*, No. 1:26-CV-03404-JLT-EPG-HC, 2026 WL 2824662, at *3 (E.D. Cal. Sept. 21, 2026) (reasoning the abuse of the writ doctrine did not apply to a prolonged detention claim because it "is inherently dynamic and evolves as the time in detention grows longer"). Hence, Petitioner does not show cause for bringing a successive petition on this basis. *See McCleskey*, 499 U.S. at 494.

Nor does Petitioner show the legal basis of his claim was not reasonably available. Petitioner argues the Third Petition's claim relies on the "factual findings and legal conclusions based on extensive discovery and analysis" from the Central District of California in *Vasquez Perdomo v. Mullin*, __ F. Supp. 3d __, 2026 WL 2751388 (C.D. Cal. Sept. 2, 2026). (Traverse at 3.) Petitioner's argument, however, conflates new persuasive authority with a new legal basis for relief. If persuasive, the decision in *Vasquez Perdomo* may bolster a warrantless arrest claim, but the decision does not create that claim or make it newly available. Nor do the factual findings from the preliminary injunction ruling in *Vasquez Perdomo* form the factual basis of this Petitioner's warrantless arrest claim.

Moreover, the statutory provision governing warrantless immigration arrests has been on the books for many years. *See* 8 U.S.C. § 1357; *see also, e.g.*, *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) (discussing Section 1357 and warrantless arrest requirements); *United States v. Reyes-Oropesa*, 596 F.2d 399, 400 (9th Cir. 1979) (concluding agent had authority to make warrantless arrest under Section 1357); *United States v. Meza-Campos*, 500 F.2d 33, 34 (9th Cir. 1974) (per curiam) (interpreting Section 1357). Consequently, the legal basis for this claim was reasonably available when Petitioner filed his earlier petitions, and Petitioner has not shown cause for omitting it. *See*

*Sossa Azogue De Cuellar v. Dep't of Homeland Sec.*, No. C26-1971-MLP, 2026 WL 2123014, at *2 (W.D. Wash. July 23, 2026) (applying doctrine where the petitioner failed to "identify any claim in the instant petition that was unripe at the time of the First Petition or that arose only after she filed it"); *Datis v. Blanche*, No. C26-2765-KKE, 2026 WL 2731571, at *3 (W.D. Wash. Sept. 16, 2026) (reasoning the doctrine applied where petition did not identify a claim "that was unripe when [petitioner] filed his first petition or that arose afterward"). And because Petitioner has not established cause, the Court need not determine whether he has established prejudice to justify a successive petition. *See Eldridge*, 70 F.4th at 551.

Finally, the Court is likewise unpersuaded that "a fundamental miscarriage of justice would result from failure to entertain the claim." *See Eldridge*, 70 F.4th at 551. This second exception to the abuse of the writ doctrine is narrow, and it commonly concerns "the conviction of an actually innocent person." *See Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011); *see also McCleskey*, 499 U.S. at 494 (noting this "narrow class of cases" entails "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime"). The Court recognizes that this exception may also apply to challenges to immigration detention under § 2241. *See Alexander L.C. v. Acting Dir., U.S. Immigr. & Customs Enf't*, No. 1:26-CV-05701-TLN-CSK, 2026 WL 2410043, at *2 (E.D. Cal. Aug. 18, 2026) (reasoning that a change in controlling Ninth Circuit authority dictated "a different outcome of Petitioner's claims than in the first-filed petition" and ignoring precedent "to deny Petitioner relief would work a fundamental miscarriage of justice").

Here, by contrast, Petitioner identifies no intervening controlling authority requiring a different disposition of his claim. He instead relies on a decision that may provide additional support for a warrantless arrest claim. An allegation of unlawful detention, coupled with later persuasive authority supporting that allegation, does not by itself establish the extraordinary circumstances necessary to excuse the earlier omission. Otherwise, this exception would swallow the rule. *Cf. Plains Com. Bank v. Long Fam.*

*Land & Cattle Co.*, 554 U.S. 316, 330 (2008) (reasoning that "limited" exceptions to a judicially created rule "cannot be construed in a manner that would 'swallow the rule'").

Accordingly, Petitioner has not met his burden of disproving abuse of the writ, and the Court denies the Third Petition on this basis. The Court therefore does not reach the merits of the warrantless arrest claim.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Third Petition for Writ of Habeas Corpus. (ECF No. 7.) The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: October 22, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**